UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>     v.<br><br>JOSHUA THOMPSON,<br><br>            Defendant. | Case No.  24-cr-00044-AMO-1<br><br>**ORDER RE DEFENDANT'S MOTIONS IN LIMINE**<br><br>Re: Dkt. No. 81 |

Before the Court are Defendant Joshua Thompson's motions in limine related to his upcoming supervised release revocation hearing.  The Court assumes familiarity with the facts as well as the procedural history of the case.  Having carefully considered the parties' papers and the relevant legal authority, the Court rules on the motions in limine as follows.

**A.     Preliminary Statement**

At the outset, the Court finds that motions in limine are generally inappropriate at this stage.  As the Ninth Circuit stated,

> A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. [Black's Law Dictionary 1038-39 (8th ed. 2004).]  In the case of a jury trial, a court's ruling "at the outset" gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury.  Because the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous. . . . [H]ere, once the case became a bench trial, any need for an advance ruling evaporated.

*United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009).

Here, this supervised release revocation proceeding will involve evidence presented solely to the bench.  *See* 18 U.S.C. § 3583(e).  As discussed below, Thompson is not entitled to a trial by jury in this proceeding.  The Court finds no need to impose any limitation on evidence in advance

1  of the hearing, but it provides the following rulings on Thompson's motions to aid in the parties'
2  preparations and to provide a clear record.

### B. Hearsay

Thompson moves for a preemptive exclusion of all hearsay unless the Government carries its burden of establishing good cause for not calling the witness. The Federal Rules of Evidence, including restrictions on admission of hearsay, do not apply at revocation hearings. *See* Fed. R. Evid. 1101(d)(3). Nonetheless, " 'every releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses.' " *United States v. Hall*, 419 F.3d 980, 986 (9th Cir. 2005) (quoting *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999)). "To determine 'whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it.' " *Id.* at 986 (quoting *Comito*, 177 F.3d at 1170).

Given the careful balancing test required, and the inability to weigh any proffered statement against a Governmental showing of good cause in advance of the hearing, the Court declines to impose a blanket prohibition on hearsay from the outset. The Court therefore DENIES Thompson's request to bar hearsay.

### C. Trial by Jury

Thompson asks the Court to empanel a jury to assess, or at least itself decide beyond a reasonable doubt whether Thompson violated, Charge Three of the Form 12. Thompson recognizes that any request for a jury trial is foreclosed by binding Ninth Circuit precedent. Mot. (ECF 81) at 7. "The Ninth Circuit repeatedly has rejected the argument that defendants facing revocation under § 3583(e), which applies to most of Mr. Thompson's charges, are entitled to trial by jury and proof beyond a reasonable doubt." *Id.* (citing *United States v. Bowers*, ___ F.4th ___, 2025 WL 679805, at *1-2 & N.3 (9th Cir. Mar. 4, 2025)). Thompson continues, "On plain-error review, [the Ninth Circuit] also has rejected the argument that the mandatory-revocation and -imprisonment provisions of § 3583(g) raise Fifth and Sixth Amendment concerns." *Id.* (citing

*United States v. Richard*, 52 F.4th 879, 884-85 (9th Cir. 2022)). The Court is bound by this authority and therefore DENIES Thompson's request to empanel a jury. *See also United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 629 (9th Cir. 2014) (stating, "the revocation of supervised release and the imposition of additional prison time pursuant to 18 U.S.C. § 3583 do not violate a defendant's right to trial by jury.").

To the extent Thompson alternatively asks that the Court assess whether he violated the conditions of his supervision as alleged in Charge Three beyond a reasonable doubt, the Court finds that it is also bound by the plain language of Title 18 U.S.C. § 3583 and may not impose an alternative evidentiary standard. *See id.* (allowing for revocation if the Court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release"). The Court therefore DENIES Thompson's request for a reasonable doubt standard.

### D. Disclosure of Additional Evidence

Thompson moves to compel the government and the probation office to disclose information that is materially exculpatory. This does not constitute a motion in limine because it does not seek to limit any testimony or evidence. *See Heller*, 551 F.3d at 1111. But further, Federal Rule of Criminal Procedure 32.1(b)(2)(B) expressly provides that the supervisee is entitled to the disclosure of only the evidence against them. The Ninth Circuit has long recognized the limitation of the Government's obligation to produce evidence under this Rule, finding that, so long as the supervisee receives the evidence to be used against them, there is "no violation of the Rule or of due process." *United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989). Thompson does not assert that the Government has withheld evidence it intends to use against him. The Court DENIES Thompson's motion to compel disclosure of further evidence.

### E. Written Notice

Thompson moves to preclude evidence about any alleged violation conduct about which the Government did not provide adequate notice. Rule 32.1 requires that supervisees be given written notice of their alleged violation conduct before the revocation hearing. Fed. R. Crim. P. 32.1(b)(2)(A). The Court DENIES this request as premature and overbroad.

### F. Probation Officer

Thompson moves for an order prohibiting the probation officer from sitting or conferring privately with the government during the revocation hearing. Thompson fails to identify any binding precedent in support of this request, instead relying on out-of-circuit authority for the premise that the probation officer should sit apart from defendants or the Government. Mot. at 9 (citing, e.g., *United States v. Comer*, 5 F.4th 535, 549 (4th Cir. 2021); *United States v. White*, 868 F.3d 598, 604 (7th Cir. 2017)). The Government takes no position on where the probation officer should sit and asserts that they be accessible to both the defense and the government during the hearing.

The Court declines to specify where the probation officer may sit at the revocation hearing. The Court agrees that the probation officer should be accessible to both sides during the hearing and will insist that all conferences with the probation officer during the hearing take place on the record, not privately.

### G. Conclusion

For the foregoing reasons, the Court **DENIES** Thompson's motions in limine. The Court notes for the parties that it will take a 45-minute lunch recess beginning at noon on April 4, 2025.

**IT IS SO ORDERED.**

Dated: April 3, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**